IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garrin David Smith,<br><br>         Plaintiff,<br><br>v.<br><br>Judge Edward Miller, Assistant Solicitor Matthew Wallace, United States Marshals Office,<br><br>         Defendants. | C/A No. 6:25-cv-6365-JFA-KFM<br><br><br>**ORDER** |

Garrin David Smith ("Plaintiff"), proceeding pro se, filed this civil action in state court alleging violations of his constitutional rights. Thereafter, Defendants timely removed the action to this court. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 13). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal for a litany of reasons, namely frivolity.[2] *Id.* The Report sets forth, in detail, the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory

1

relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 24, 2025. *Id.* The Magistrate Judge required Plaintiff to file objections by August 7, 2025. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to summary dismissal for several reasons.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes

---

provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)).

2

the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 13). Consequently, this action is dismissed with prejudice (other than claims barred by *Heck*) and without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). The plaintiff is further warned that this court will impose additional sanctions, including prefiling restrictions, if he continues to file frivolous and duplicative litigation (whether he files the case originally in this court or the case is removed to this court).

IT IS SO ORDERED.

September 8, 2025                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                                   United States District Judge